UNITED STATES of America, Plaintiff–Appellee,

v.

Salvador SERVIN–PALOMARES, aka Chava, Defendant–Appellant.

No. 00–10270.

D.C. No. CR–98–00890–JMR.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2001.*

Decided Aug. 1, 2001.

Before PREGERSON, FERGUSON, and HAWKINS, Circuit Judges.

MEMORANDUM **

By pleading guilty, Servin–Palomares ("Servin") waived his right to have a jury determine the quantity of marijuana involved in his offenses. *United States v.*

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Silva,* 247 F.3d 1051, 1060 (9th Cir.2001). Even assuming there was error under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the indictment failed to specify a drug quantity, this error did not affect Servin's "substantial rights" because the court instructed Servin at the change of plea hearing that he faced a term of imprisonment of at least five years up to life in prison and because Servin admitted at sentencing he was responsible for 1,183 pounds of marijuana. His actual sentence of 175 months falls within the range the court instructed him he could receive as punishment and within the statutory sentencing range for the undisputed quantity of marijuana. Any alleged error does not satisfy the standard for plain error review. *Cf. Silva,* 247 F.3d at 1060 (although sentence exceeded statutory maximum for crime as charged in indictment, which was silent as to quantity, no *Apprendi* error because defendants admitted quantity in plea agreements); *see also United States v. Nordby,* 225 F.3d 1053, 1060 (9th Cir. 2000) (applying plain error review to *Apprendi* claim).

 The district court did not err by using a preponderance of the evidence standard with respect to the additional marijuana contributed to Servin above the quantity for which he had admitted responsibility. The additional amount of marijuana did not cause Servin's sentence to exceed the statutory maximum, did not create a new offense, was based in part on the amount of drugs involved in a conspiracy, did not increase his offense level by more than four levels and did not substantially lengthen an otherwise short sentence. *See United States v. Johansson,* 249 F.3d 848, 853–857 (9th Cir.2001) (discussing six factor test and concluding four-level increase in offense level and increase in range from 6–12 months to 15–21 months did not require higher standard of proof).

■ Finally, the district court did not err by failing to "err on the side of caution" when estimating the drug quantity. Unlike *United States v. Scheele,* 231 F.3d 492, 496 (9th Cir.2000), where an estimation just barely placed the defendant into a higher base offense level, the court here would have had to reduce the quantity by forty percent to even change Servin's base offense level. There was also sufficient information in the record to support the district court's total estimate.

AFFIRMED.